AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
Central District of Illinois

**FILED**

SEP 08 2022

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

In the Matter of the Use of a Cell-Site Simulator to Locate:

THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER (779) 264-1024, WITH INTERNATIONAL MOBILE SUBSCRIBER IDENTITY / ELECTRONIC SERIAL NUMBER 311480723359740 MORE PARTICULARLY DESCRIBED ON ATTACHMENT A, ATTACHED HERETO AND INCORPORATED BY REFERENCE

Case No. 22-MJ- 7124

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A, which is attached hereto and incorporated by reference.

located in the _____ District of ___Unknown___ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, which is attached hereto and incorporated by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1201(a) | Kidnapping |

The application is based on these facts:

See attached affidavit of SA Ryan McElroy FBI which is attached hereto and incorporated by reference, in support of search warrant. To ensure technical compliance with 18.U.S.C. §§ 3121-3127, the warrant will also also function as a pen register order. Consistent with the requirement for a Pen Register Order, I certify that the information likely to be obtained is relevant to an ongoing criminal investigation conducted by the FBI. See 18 U.S.C. §§ 3122(b), 3123(b).

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

s/Ryan McElroy

*Applicant's signature*

SA Ryan McElroy, FBI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by ___electronic mail and telephone___ *(specify reliable electronic means)*.

s/Eric I. Long

*Judge's signature*

Date: 09/08/2022

City and state: Urbana, Illinois

HON. ERIC I. LONG, Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| IN THE USE OF A CELL-SITE SIMULATOR TO LOCATE: THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER (779) 264-1024, WITH INTERNATIONAL MOBILE SUBSCRIBER IDENTITY / ELECTRONIC SERIAL NUMBER 31148072335974 MORE PARTICULARLY DESCRIBED ON ATTACHMENT A, ATTACHED HERETO AND INCORPORATED BY REFERENCE | Case No. 22-MJ-7124<br><br>**Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Ryan McElroy, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 to authorize law enforcement to employ an electronic investigative technique, which is described in Attachment B, to determine the location of the cellular device assigned call number (779) 264-1024, (the "Target Cellular Device"), which is described in Attachment A.

2. I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI) and, as such, am charged with enforcing all laws in all jurisdictions of the United States, its territories and possessions. I have been a member of the Federal Bureau of Investigation since January 2019. I am currently assigned to the Springfield, Illinois Division. My duties as a Special Agent with the FBI include investigating violent crimes such as armed robberies, carjackings, bank robberies, and violent criminal enterprises. I have gained experience in conducting such

investigations through previous case investigations, formal training, and in consultation with law enforcement partners in local, state, and federal law enforcement agencies. I have participated in the execution of arrest warrants and search warrants to include social media, DNA, prospective location information and premises search warrants. I am familiar with the means and methods commonly used by persons seeking to evade arrest by law enforcement, including those evading capture on drug and violent crime-related warrants.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. One purpose of applying for this warrant is to determine with precision the Target Cellular Device's location. However, there is reason to believe the Target Cellular Device is currently located somewhere within this district because phone location information from a prospective phone location information search warrant previously authorized in the Central District of Illinois (case 22-mj-7116) indicated the device was located in the Central District of Illinois as recently as September 8, 2022. Additionally, the Target Cellular Device's user was seen in the Central District of Illinois on September 7, 2022. Pursuant to Rule 41(b)(2), law enforcement may locate the Target Cellular Device outside the district provided the device is within the district when the warrant is issued.

5. Based on the facts set forth in this affidavit, there is probable cause to believe that Deshawn Calhoun (hereinafter referred to as "Calhoun") has committed a kidnapping, in violation of 18 U.S.C. § 1201(a). Calhoun was charged with this crime on August 2, 2022, and is the subject of an arrest warrant issued on the same date. There is also probable cause to

believe that the Target Cellular Device's location will assist law enforcement in arresting Calhoun, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

6. Because collecting the information authorized by this warrant may fall within the statutory definitions of a "pen register" or a "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), this warrant is designed to comply with the Pen Register Statute as well as Rule 41. See 18 U.S.C. §§ 3121-3127. This warrant therefore includes all the information required to be included in a pen register order. See 18 U.S.C. § 3123(b)(1).

## PROBABLE CAUSE

7. The United States, including the Federal Bureau of Investigation, is conducting a criminal investigation into the whereabouts of Deshawn Calhoun, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

8. On August 2, 2022, a court in the Central District of Illinois issued an arrest warrant for Deshawn Calhoun following the return of a grand jury indictment against him for a violation of 18 U.S.C. § 1201(a) (kidnapping) in case number 22-cr-20052-01.

9. The FBI has attempted to locate and/or serve the arrest warrant issued for Calhoun on multiple occasions, most recently on August 16, 2022. FBI agents were unable to locate Calhoun at his residence or at multiple other residences that Calhoun has been known associated with during these previous attempts. On August 16, 2022, FBI agents attempted to locate Calhoun at a required court appearance in Kankakee County Circuit Court. Calhoun failed to appear for this court appearance, and a Kankakee County bench warrant was issued in the state criminal case, though that warrant was later quashed. Based on Calhoun's failure to appear for a required court date as well as his failure to return to the residences at which he known to

3

regularly stay, your affiant believes Calhoun has become aware of the existence of the arrest warrant issued by the Central District of Illinois and has fled to actively evade lawful arrest. Additionally, Calhoun has a history of evading law enforcement, as he has multiple cases pending for fleeing law enforcement and for aggravated fleeing and eluding law enforcement in Kankakee County Circuit Court. Calhoun has also failed to appear for multiple court appearances and has had multiple bench warrants issued for his arrest in those instances.

10. Investigators identified a valid cellular phone number, (779) 264-1024 (the target phone), utilized by Calhoun through toll analysis and jail call analysis for associates of Calhoun. The phone's service provider is Cellco Partnership, d/b/a Verizon Wireless, a wireless telephone service provider headquartered at 180 Washington Valley Rd, Bedminster, NJ 07921. The target phone has a listed subscriber of Kimberly Gonzalez, 770 S Prospect Ave, Kankakee, IL 60901. Subscriber details maintained by Cellco Partnership d/b/a Verizon Wireless came back with an international mobile subscriber identity of 311480723359974 for the target phone.

11. Investigators know Calhoun and Kimberly Gonzalez, the subscriber of the target phone, to have been in and may currently be in a romantic relationship. Kimberly Gonzalez is also charged in the same indictment as Calhoun for kidnapping and conspiracy to kidnap. Investigators are aware that it is common for individuals involved in criminal activity to put telephones, utilities, vehicles, and other items which may identify the individual's location in the individual's family or significant others' names in order to avoid being located by law enforcement. Investigators conducted a search for jail calls to the target phone number in Champaign County and Kankakee County, Illinois jail call records. As a result of the searches, investigators found phone calls between the target phone and jail inmate accounts of persons associated with Deshawn Calhoun in both Champaign and Kankakee County as recently as

4

August 28, 2022. Investigators listened to the phone calls and believe the target number to be utilized by one male, as the user of that target number has the same male voice on the multiple calls. Based on this information, investigators believe the phone is subscribed to by Calhoun's girlfriend, Kimberly Gonzalez, and maintained by Calhoun. Additionally, Gonzalez was indicted, and an arrest warrant was issued in the Central District of Illinois on the same date and for the same incident as Calhoun.

12. On August 31, 2022, an application and affidavit for search warrant for phone location information for telephone number (779) 264-1024 ("the 1024 number"), being utilized by CALHOUN, was submitted in the Central District of Illinois. The application and affidavit were reviewed, and a search warrant was approved on that date authorizing seizure of location data for the cell phone known to be utilized by CALHOUN (CDIL case no. 22-mj-7116).

13. Since that time, agents have received location information from CALHOUN's phone that indicates CALHOUN typically stays the night in Kankakee, Illinois. A review of the phone location information for the 1024 number (utilized by CALHOUN) indicates that between September 2, 2022, and September 7, 2022, CALHOUN has stayed overnight at multiple locations, but CALHOUN has associated almost daily with addresses located at 639 Wood Court, Kankakee, Illinois (the "Wood Court residence") and 257 North Hobbie Avenue, Kankakee, Illinois (the "North Hobbie residence").

14. The center point of phone location data used to associate CALHOUN with 639 Wood Court placed CALHOUN's phone within .28 miles of 639 Wood Court. This Wood Court residence is known to be the residence of an associate of CALHOUN's and is also utilized as the registration address for a vehicle used by a close associate of CALHOUN's. The center point of phone location data used to associate CALHOUN with 257 North Hobbie Avenue placed

5

CALHOUN's phone within .125 miles of 257 North Hobbie Avenue. This North Hobbie residence is the home of CALHOUN's parents and also the address listed on CALHOUN's state identification card.

15. I am aware, through my training and experience in conducting investigations and executing arrest warrants, that persons who are seeking to evade law enforcement will often reside with persons they know or associate with, rather than remain at their own residences in their efforts to avoid arrest or detection from law enforcement. Persons evading law enforcement will often choose to reside with family members, paramours, or close associates. These individuals seeking to evade law enforcement will nevertheless retain possession of their cellular phones, however, in order to maintain contact with family and friends who are aiding in their efforts to avoid detection by law enforcement.

16. On September 7, 2022, investigators surveilled the locations received from the 1024 number's ping data, obtained from the phone device utilized by CALHOUN. Shortly after 6:00 PM, investigators observed a 2008 Ford Taurus registered to SEAN GILREATH (hereinafter referred to as "GILREATH") parked in the driveway of 639 Wood Court. At approximately 6:06 PM, phone location information placed CALHOUN's phone (the 1024 number) at this same Wood Court residence. At approximately 6:17 PM, an individual believed to be CALHOUN – a black male identical in build, description, and hairstyle to CALHOUN— exited 639 Wood Court, entered the front passenger compartment of GILREATH's vehicle, and departed the neighborhood. Phone location information received after the individual believed to be CALHOUN was seen leaving the Wood Court residence tracked along with and was consistent with the travel of GILREATH's car after it departed 639 Wood Court as surveilled by agents. Investigators followed GILREATH's vehicle until the vehicle turned north onto North

Myrtle Avenue and moved out of sight of surveillance units. Through my investigation into this case, I am aware that the location at which officers lost sight of GILREATH's vehicle was close in proximity to 257 North Hobbie Avenue. Investigators canvassed the area nearby and spot-checked 257 North Hobbie Avenue. Investigators did not observe GILREATH's car at 257 North Hobbie Avenue at that time. However, at approximately 6:22 PM on the same date, investigators received phone location information that was consistent with CALHOUN's phone (utilized by Calhoun) being located at 257 North Hobbie Avenue. Based on the observation of CALHOUN leaving the Wood Court residence and traveling toward the area of the North Hobbie residence as well as his phone location data placing his phone at the North Hobbie residence, investigators believe CALHOUN was dropped off at 257 North Hobbie in GILREATH's vehicle to his parent's residence at the North Hobbie address.

17. I am aware, through my training and experience in conducting investigations and executing arrest warrants, that persons who are seeking to evade law enforcement will often reside with persons they know, rather than remain at their own residences in their efforts to avoid arrest or detection from law enforcement. Persons evading law enforcement will often choose to reside with family members, paramours, or close associates. These individuals seeking to evade law enforcement will nevertheless retain possession of their cellular phones, however, in order to maintain contact with family and friends who are aiding in their efforts to avoid detection by law enforcement.

18. Agents with the FBI anticipate again attempting to execute the arrest warrant issued in the Central District of Illinois in case number 22cr20052-01 on September 9, 2022. Monitoring of the location of Calhoun's cellular device for the next period of ten days will allow

law enforcement agents to locate Calhoun and aid in safe execution of the arrest warrant on September 9, 2022, as planned or within the subsequent nine days (to September 18, 2022).

## MANNER OF EXECUTION

19.   In my training and experience, I have learned that cellular phones and other cellular devices communicate wirelessly across a network of cellular infrastructure, including towers that route and connect individual communications. When sending or receiving a communication, a cellular device broadcasts certain signals to the cellular tower that is routing its communication. These signals include a cellular device's unique identifiers.

20.   To facilitate execution of this warrant, law enforcement may use an investigative device or devices capable of broadcasting signals that will be received by the Target Cellular Device or receiving signals from cellular devices, including the Target Cellular Device. Such a device may function in some respects like a cellular tower, except that it will not be connected to the cellular network and cannot be used by a cell phone to communicate with others. The device may send a signal to the Target Cellular Device and thereby prompt it to send signals that include the unique identifier of the device. Law enforcement may monitor the signals broadcast by the Target Cellular Device and use that information to determine the Target Cellular Device's location, even if it is located inside a house, apartment, or other building.

21.   The investigative device may interrupt cellular service of phones or other cellular devices within its range. Any service disruption to non-target devices will be brief and temporary, and all operations will attempt to limit the interference with such devices. In order to connect with the Target Cellular Device, the device may briefly exchange signals with all phones or other cellular devices in its range. These signals may include cell phone identifiers. The device will not complete a connection with cellular devices determined not to be the Target

Cellular Device, and law enforcement will limit collection of information from devices other than the Target Cellular Device. To the extent that any information from a cellular device other than the Target Cellular Device is collected by the law enforcement device, law enforcement will delete that information, and law enforcement will make no investigative use of it absent further order of the court, other than distinguishing the Target Cellular Device from all other cellular devices.

## AUTHORIZATION REQUEST

22. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41. The proposed warrant also will function as a pen register order under 18 U.S.C. § 3123.

23. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days from the end of the period of authorized surveillance. This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cellular Device would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and continue to flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). There is reasonable necessity for the use of the technique described above, for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

24. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cellular Device outside of daytime hours.

25. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.]]

26. A search warrant may not be legally necessary to compel the investigative technique described herein. Nevertheless, I hereby submit this warrant application out of an abundance of caution.

Respectfully submitted,

s/Ryan McElroy

Ryan McElroy
Special Agent
Federal Bureau of Investigation

Attested to by reliable electronic means, being telephone and electronic mail, in accordance with Fed. R. Crim. P. 4.1 on September __8__, 2022.

s/Eric I. Long

HON. ERIC I. LONG
UNITED STATES MAGISTRATE JUDGE

10

## ATTACHMENT A

This warrant authorizes the use of the electronic investigative technique described in Attachment B to identify the location of the cellular device assigned phone number (779) 264-1024, with International Mobile Subscriber Identity / Electronic Serial Number 31148072335974, with listed subscriber Kimberly Gonzalez (the "Target Cell Phone"), whose wireless service provider is Cellco Partnership d/b/a Verizon Wireless, a company headquartered at 180 Washington Valley Rd, Bedminster, NJ 07921.

## ATTACHMENT B

Pursuant to an investigation of Deshawn Calhoun for a violation of 18 U.S.C. § 1201(a) and 1201(c), this Warrant authorizes the officers to whom it is directed to determine the location of the cellular device identified in Attachment A by collecting and examining:

1. radio signals emitted by the target cellular device for the purpose of communicating with cellular infrastructure, including towers that route and connect individual communications; and
2. radio signals emitted by the target cellular device in response to radio signals sent to the cellular device by the officers;

for a period of ten days, during all times of day and night. This warrant does not authorize the interception of any telephone calls, text messages, other electronic communications, and this warrant prohibits the seizure of any tangible property. The Court finds reasonable necessity for the use of the technique authorized above. *See* 18 U.S.C. § 3103a(b)(2).